Mary (Katy) **WILCOX** and Steve **Kippenberger**, Appellants,

v.

**ESTATE OF Belva O'BRIEN, Eugene Stumpf, Personal Representative, Respondent.**

No. 73742.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 8, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 16, 1999.

J. Richard McEachern, Clayton, for appellant.

Anthony M. Gioia & Mary J. Gioia, St. Louis, for respondent.

KAROHL, Judge.

Mary Wilcox (Wilcox) and Steve Kippenberger (Kippenberger), collectively, (claimants) appeal a judgment denying their claims for compensation for services filed in the estate of Belva O'Brien (O'Brien). Claimants are brother and sister. They were neighbors of O'Brien. For some years before her death, O'Brien paid claimants, by check, for numerous services. Wilcox testified that "Belva said she would take care of me and compensate me." Wilcox also testified O'Brien told her she would be compensated "by leaving me things." Wilcox further testified that she did not expect to be paid in cash for her services. Kippenberger testified he "expected to be paid in the form of a promise" and "that she would take good care of me, which implied that I was in her will." O'Brien bequeathed $3,000 to each claimant.

The probate court found:

[Claimants] took a risk when they entered into the executory contract with decedent. Since they were not demanding payment immediately after the performance of the services and were relying on decedent's promise to pay them by a provision in her will, they had no assurance that they would ever be paid. *There was no agreement by decedent to leave them any specific amount,* and therefore[,] they were taking a risk as to how much she would leave them[,] if anything. They were also taking a risk that decedent might not have any assets at death to satisfy bequests to them. (Emphasis added).

We review in accord with Rule 73.01 as interpreted in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). By this standard we review claimants' arguments that the probate court applied the wrong legal standard and ignored controlling case law. Claimants "have no quarrel with the Findings of Fact made by the Trial Court." Particularly, they rely on *Muench v. South Side National Bank,* 251 S.W.2d 1 (Mo.1952) and *Estate of Moore,* 802 S.W.2d 192 (Mo.App.1991).

Claimants alleged they rendered valuable services under circumstances that reasonably indicated that each of them, in furnishing the services, expected payment. As a result, the duty to pay for these services from the estate of O'Brien is imputed by law.

Claimants argue *Muench* and *Estate of Moore* stand for a rule of law that a decedent's promise is enforceable on a theory of quantum meruit as compensation for services where the amount is incapable of ascertainment. Therefore, claimants conclude that the probate court applied the wrong legal standard in their quantum meruit claims. Moreover, the probate court erred when it limited claimants' recovery to the bequests of $3000 each. They acknowledge in their point relied on that, "[t]he evidence disclosed that the Decedent promised only that she would remember the claimants in her will as compensation for their services without fixing their compensation."

■ Claimants' appeal is without merit. First, the probate court did not rule that the testamentary bequests foreclosed a quantum meruit claim for a greater sum than O'Brien provided in the will. The court found that the sum provided in the will was "what you expected to receive . . . or you expected to be paid by will . . . when [the court] asked you if any amount was specified, you said no." Accordingly, the judgment was supported by substantial evidence including the testimony of claimants.

■ Second, Wilcox testified that on numerous occasions she did not expect payment when she performed services for O'Brien. Kippenberger testified that he signed a receipt for the personal representative acknowledging a payment of $245.43 as his final bill for services rendered to O'Brien. Both acknowledged they received numerous checks from O'Brien as payment for services rendered and as reimbursement of funds advanced. Accordingly, the evidence supported a finding that some services were rendered without the expectation of payment, some were rendered and compensation promptly paid. The bequests satisfied any promise made by O'Brien. The value of the services rendered was a question of fact to be resolved by the probate court. *Ellinwood v.*

*Estate of Lyons,* 731 S.W.2d 23, 27 (Mo.App. 1987).

■ Third, the O'Brien estate raised the affirmative defenses of payment, special relationship and gratuitous services. The evidence supports a finding in favor of each defense. In this respect, the present case differs from *Muench,* where there were no affirmative defenses raised. *Muench,* 251 S.W.2d at 4. Although an express contract is not a full defense to a quantum meruit claim, it is relevant to establish: (1) the intention of decedent to pay for the services; (2) claimants' expectation of payment; and, (3) the value the parties place on the services. *Id.* at 4. Claimants placed no value on the services rendered, except those for which they were paid. The probate court accepted the value determined by O'Brien in the form of the bequests. Such a determination does not apply the wrong legal standard, nor ignore the decisions in *Muench* or *Estate of Moore.* These cases support a conclusion that the probate court was free to determine the value of services rendered. Here, the court found the value by a determination that the bequests were sufficient to meet any obligation owed to claimants.

■ Fourth, a finding that claimants received, by bequest, what O'Brien intended to pay, implies a finding that they were fully compensated. The express and implied findings are supported by evidence that O'Brien was in good mental health when she executed her will and she felt the testamentary bequests to the claimants were adequate to compensate for services rendered.

The judgments denying the claims are supported by claimants' testimony and do not erroneously declare or apply the law.

Judgments affirmed.

ROBERT G. DOWD, Jr., C.J. and
ROBERT E. CRIST, Senior Judge, concur.